## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DATACORE SOFTWARE CORPORATION, ) | |
| ) | |
| Plaintiff, ) | C.A. No. 22-535-GBW-SRF |
| ) | |
| v. ) | |
| ) | |
| SCALE COMPUTING, INC., ) | PUBLIC VERSION |
| ) | |
| Defendant. ) | |

## **JOINT MOTION FOR REDACTION OF TRANSCRIPT**

Ethan H. Townsend (#5813)
MCDERMOTT WILL & EMERY LLP The Brandywine Building
1000 N. West Street, Suite 1400
Wilmington, DE 19801
Tel: (302) 485-3911
ehtownsend@mwe.com

*Attorneys for Plaintiff DataCore Software Corporation.*

Dated:  December 13, 2023
Public Version Dated:
December 19, 2023
11208202 / 23368.00001

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Andrew M. Moshos (#6685)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19801
Tel:  (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
amoshos@potteranderson.com

*Attorneys for Defendant Scale Computing, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| DATACORE SOFTWARE CORPORATION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SCALE COMPUTING, INC., ) <br> ) <br> Defendant. ) | C.A. No. 22-535-GBW-SRF <br><br> **JURY TRIAL DEMANDED** <br><br> **CONFIDENTIAL-** <br> **FILED UNDER SEAL** |

**JOINT MOTION FOR REDACTION OF TRANSCRIPT**

Pursuant to the Court's Oral Order of November 30, 2023 (D.I. 121), DataCore Software Corporation ("DataCore") and Scale Computing, Inc. ("Scale") jointly and respectfully move for limited redactions of the discovery dispute teleconference transcript. The parties respectfully request that the Court approve the limited redactions reflected in Exhibits A and B attached hereto and pursuant to the parties' arguments below. Exhibit A contains as highlighted in purple the information that DataCore proposes to be redacted from the transcript and as highlighted in yellow the information that Scale proposes to be redacted from the transcript. Exhibit B is the proposed redacted version of the transcript that the parties propose to be filed on the docket.

**DataCore's Position:**

A party must demonstrate good cause to justify an order to redact or seal a judicial record. *Mosaid Techs. Inc. v. LSI Corp.*, 878 F.Supp.2d 503, 507-08 (D. Del. 2012). Courts consider a number of factors to determine whether good cause exists, including "(1) whether disclosure will violate any privacy interest; (2) whether the information being sought is for a legitimate purpose; (3) whether disclosure will cause embarrassment to a party; (4) whether the information to be disclosed is important to public health and safety; (5) whether sharing the information among litigants will promote fairness and efficiency; (6) whether the party benefitting from the order is a

public entity or official; and (7) whether the case involves issues important to the public." *Id*. at 508, n.2. (citation omitted). The Third Circuit has held that courts may deny access to judicial records, for example, "'where they are sources of business information that might harm a litigant's competitive standing.'" *Id.* at 507 (citing *Littlejohn v. BIC Corp*., 851 F.2d 673, 678 (3d Cir. 1988)).

DataCore has selectively redacted seven lines of the transcript to prevent the disclosure of its confidential business information. This information, if disclosed, could be used by DataCore's competitors, to the competitor's own advantage, to harm DataCore's standing in the marketplace. *See Mosaid Techs. Inc. v. LSI Corp*., 878 F. Supp.2d 503, 507-08 (D. Del. 2012) (The Third Circuit has held that courts may deny access to judicial records, for example, "where they are sources of business information that might harm a litigant's competitive standing."); *see also In re Avandia Mktg., Sales Practices & Prods. Liab. Litig*., 924 F.3d 662, 672 (3d Cir. 2019). If the confidential information were disclosed it could provide insider knowledge of DataCore's strategies, which could provide competitors with insights into how to adjust their strategies to compete more effectively with DataCore.

### **Scale's Position:**

There is a presumptive right of public access to judicial proceedings. *In re Avandia Mktg., Sales Practices and Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019). That right is not absolute. *Id*. A party seeking to seal part of the judicial record bears the burden of showing "that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *Id*.

Good cause must be demonstrated to justify redacting a judicial transcript. *Mosaid Technologies Inc. v. LSI Corp.*, 878 F. Supp. 2d 503, 507 (D. Del., 2012). In determining whether

good cause exists, "courts weigh the harm of disclosing information against the importance of disclosure to the public." *Mosaid*, 878 F. Supp. 2d at 508 (*citing Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787 (3d Cir. 1994)). Courts have found good cause to redact "business information that might harm a litigant's competitive standing." *Littlejohn v. BIC Corp.*, 851 F.2d 673, 678 (3d Cir. 1988). "[I]f a case involves private litigants, and concerns matters of little legitimate public interest, that should be a factor weighing in favor of granting or maintaining an order of confidentiality." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 788 (3d Cir. 1994).

Scale only seeks to redact in whole or in part 26 lines of the 71-page transcript. Scale's proposed redactions to the transcript are consistent with those it requested to the letter briefing and the Memorandum Order. *See* D.I. 127 and 128.

The information proposed for redaction contains confidential information concerning Scale's confidential product development process. Scale does not provide this level of detail into its product development process to the public. D.I. 130, Loughmiller Decl., ¶¶3-4.

If this information were disclosed to Scale's competitors, it could be used by Scale's competitors to cause significant harm to Scale's business. *Id*. ¶¶5-6. It would provide insider knowledge of Scale's product development process and give competitors insights into how to focus their own strategies in order to better compete with Scale. *Id*. This information is the type of information that courts protect from disclosure. *See Nexus Pharms., Inc. v. Nevakar, Inc.*, 2023 WL 1068613, at *2 (D.N.J. Jan. 27, 2023) (granting motion to redact information pertaining to the defendant's development and manufacturing process of its product because its disclosure would give potential competitors an unfair advantage and insight into defendant's proprietary and confidential operations); *see also In re Avandia*, 924 F.3d at 679 ("To be sure, courts may

permissibly seal judicial records 'where they are sources of business information that might harm a litigant's competitive standing.'") (quotation omitted).

Additionally, Scale's proposed redactions are very narrowly tailored and consist of 26 lines, in whole or in part, of this 71-page discovery dispute teleconference transcript.

Finally, the public has little legitimate interest in this particular Scale information, but the potential harm to Scale, if the information is disclosed, is severe. Scale has therefore shown good cause for this minimal proposed redaction of the discovery dispute teleconference transcript.

For the foregoing reasons, the parties respectfully request that the Court grant this joint motion and direct the Clerk of the Court to docket the redacted version of the discovery dispute teleconference transcript attached hereto as Exhibit B.

| MCDERMOTT WILL & EMERY LLP | POTTER ANDERSON & CORROON LLP |
|---|---|
| By: */s/ Ethan H. Townsend* <br>     Ethan H. Townsend (#5813) <br>     The Brandywine Building <br>     1000 N. West Street, Suite 1400 <br>     Wilmington, DE 19801 <br>     Tel: (302) 485-3911 <br>     ehtownsend@mwe.com | By: */s/ Andrew M. Moshos* <br>     David E. Moore (#3983) <br>     Bindu A. Palapura (#5370) <br>     Andrew M. Moshos (#6685) <br>     Hercules Plaza, 6th Floor <br>     1313 N. Market Street <br>     Wilmington, DE 19801 <br>     Tel: (302) 984-6000 |
| *Attorneys for Plaintiff DataCore Software Corporation.* | dmoore@potteranderson.com <br> bpalapura@potteranderson.com <br> amoshos@potteranderson.com |
| Dated: December 13, 2023 <br> Public Version Dated: <br> December 19, 2023 <br> 11208202 / 23368.00001 | *Attorneys for Defendant Scale Computing, Inc.* |

4

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, Andrew M. Moshos, hereby certify that on December 13, 2023, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed.

I hereby certify that on December 13, 2023, the attached document was electronically mailed to the following person(s):

Ethan H. Townsend
MCDERMOTT WILL & EMERY LLP
The Brandywine Building
1000 N. West Street, Suite 1400
Wilmington, DE 19801
ehtownsend@mwe.com

A. Shane Nichols
MCDERMOTT WILL & EMERY LLP
1180 Peachtree Street, NE
Suite 3350
Atlanta, GA 30309
shanenichols@mwe.com

Thomas M. DaMario
MCDERMOTT WILL & EMERY LLP
444 West Lake Street, Suite 4000
Chicago, IL 60606
tdamario@mwe.com

Jodi Benassi
MCDERMOTT WILL & EMERY LLP
415 Mission Street, Suite 5600
San Francisco, CA 94105
jbenassi@mwe.com

Cecilia Choy
MCDERMOTT WILL & EMERY LLP
650 Live Oak Avenue, Suite 300
Menlo Park, CA 94025
cchoy@mwe.com

By: */s/ Andrew M. Moshos*
David E. Moore (#3983)
Bindu A. Palapura (#5370)
Andrew M. Moshos (#6685)
POTTER ANDERSON & CORROON LLP
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
amoshos@potteranderson.com

11138232 / 23368.00001