IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DATACORE SOFTWARE CORPORATION, | |
| Plaintiff, | |
| v. | Civil Action No. 22-535-GBW |
| SCALE COMPUTING, INC., | |
| Defendant. | |

## MEMORANDUM ORDER

Having reviewed the proposed joint pretrial order (D.I. 250) submitted by Plaintiff DataCore Software Corporation ("DataCore") and Defendant Scale Computing, Inc. ("Scale"), regarding the jury trial scheduled to begin on August 19, 2024, **IT IS HEREBY ORDERED** that:

1. DataCore moves *in limine* for the Court to preclude Scale from offering argument, evidence, or testimony regarding the invalidity of the '235 Patent for indefiniteness, lack of enablement, and lack of written description under 35 U.S.C. §112. D.I. 250, Ex. 17, Plaintiff's MIL #2, at 1-3. With respect to indefiniteness, DataCore contends that "[t]his Court's claim construction ruling as to the "intentionally exceeds" claim element has exhausted Scale's §112 indefiniteness defense." *Id.* at 1. Scale agrees "that indefiniteness is no longer a triable issue for the jury following the Court's summary judgment decision" and contends that it "will not argue indefiniteness to the jury, or present the jury with any testimony or documents related to its indefiniteness defense." D.I. 250, Ex. 17, Defendant's Response to Plaintiff's MIL #2, at 1; *id.*, n. 1. In light of Scale's concession that it does not intend to raise indefiniteness as a defense, DataCore's request to exclude testimony regarding indefiniteness is **DENIED AS MOOT**. With

respect to DataCore's request to exclude testimony and evidence regarding written description and enablement, DataCore argues that Scale never raised these defenses during fact or expert discovery and should therefore be precluded from advocating undisclosed §112 defenses at trial. D.I. 250, Ex. 17, Plaintiff's MIL #2, at 2-3. Scale disputes DataCore's claim that it failed to raise lack of written description and lack of enablement in a timely manner and contends that both defenses were pled as its Second Affirmative Defense in its Answer. A closer look at Scale's Answer reveals, however, that Scale's Second Affirmative Defense alleged only that "[t]he claims of the '235 Patent are invalid for failure to meet the conditions of patentability and/or requirements set forth in one or more of 35 U.S.C. §§ 101 et seq., including without limitation §§ 101, 102, 103, and 112 . . . ." D.I. 14 at 6. The Court agrees that Scale's bare reference to § 112 in its Answer is insufficient to give DataCore proper notice of Scale's intent to assert written description and enablement defenses. *See Wordtech Sys., Inc v. Integrated Networks Sols., Inc.*, 609 F.3d 1308, 1322 (Fed. Cir. 2010). Similarly, Scale's assertion in its Final Invalidity Contentions that it would "challenge any of the claim terms herein under 35 U.S.C. § 112, including by arguing that they are . . . not supported by the written description" or "not enabled" did not provide sufficient notice. *Id.; see also MediaTek Inc. v. Freescale Semiconductor, Inc.*, 2014 WL 690161, at *6 (N.D. Cal. Feb. 21, 2014) (explaining that a party must give "the other party sufficient notice for it to engage in meaningful discovery and preparation of its case," and disclosures that do "nothing more than state a theory of 'indefiniteness, written description/enablement'" are inadequate). Scale argues that it should be allowed to pursue some otherwise untimely defenses under § 112 that arose only after the Court construed the claim term "intentionally exceeds" on July 10, 2024 (D.I. 235, D.I. 236). D.I. 250, Ex. 17, Defendant's Response to Plaintiff's MIL #2, at 2. Scale contends that it "is entitled to explore whether DataCore's inventors 'possessed the full scope of the invention'

and 'enable[d] the full breadth of [Claims 1 and 2]'" with the benefit of the Court's recent construction. *Id.* (citing *LizardTech, Inc. v. Earth Res. Mapping, Inc.*, 424 F.3d 1336, 1345 (Fed. Cir. 2005)). Given that the Court construed the term "intentionally exceeds" at DataCore's behest, the Court agrees that Scale should be entitled to raise § 112 defenses if the basis for those defenses did not arise until the Court's construction of the term "intentionally exceeds." *Id.*; *see also Ateliers de la Haute-Garonne v. Broetje Automation-USA Inc.*, 14 F. Supp. 3d 588, 590 (D. Del. 2014) (finding that "Defendants' indefiniteness defense was not untimely when filed" where "Defendants obtained the basis for asserting their indefiniteness defense after deposing the named inventors of the patents-in-suit"). Scale concedes that its expert will not be permitted to exceed the scope of his report by testifying as to the § 112 defenses and contends that only fact witnesses will testify as to the § 112 defenses. D.I. 250, Ex. 17, Defendant's Response to Plaintiff's MIL #2, at 3. DataCore contends that "Scale cites to no authority for its argument that it should be allowed to present its enablement defense through fact witnesses." D.I. 250, Ex. 17, Plaintiff's Reply to MIL #2, at n. 2. However, DataCore "cites no case holding that these defenses— inadequate written description, non-enablement, and indefiniteness—fail as a matter of law ***without expert*** testimony." *Lear Corp. v. NHK Seating of Am. Inc.*, No. 13-12937, 2022 WL 876021, at *13 (E.D. Mich. Mar. 23, 2022) (emphasis added). Scale contends that it intends "to explore these issues with DataCore's witnesses" and, absent some evidence that Scale cannot prove § 112 defenses through cross-examination, the Court will not prohibit Scale from doing so. The Court notes, however, that Scale will have the "considerable burden of establishing invalidity [under § 112] by clear and convincing evidence." *M2M Sols. LLC v. Sierra Wireless Am., Inc.*, No. CV 12-30-RGA, 2016 WL 1298961, at *3 (D. Del. Mar. 31, 2016) (finding that "conclusory arguments, unsupported by expert opinion about what a person of skill in the art would understand

and directly contradicted by considerable expert testimony, do not meet Defendants' considerable burden . . . ."). DataCore's MIL #2 is **DENIED**.

2. Scale moves *in limine* for the Court to exclude evidence that Scale willfully infringed the '235 patent and to limit DataCore's indirect infringement claim to post-suit indirect infringement only. D.I. 250, Ex. 18, Scale's MIL #1. Scale contends that "there is no allegation from DataCore" that "Scale ever had any pre-suit knowledge of infringement" and that the Complaint provides only "conclusory statements." *Id.* at 2-3. Scale also contends that DataCore "failed to develop any record adequate to place willful infringement and/or pre-suit indirect infringement into relevance for this trial." *Id.* at 3. Scale's motion *in limine* is an untimely and improper motion for summary judgment. *Bradley v. Pittsburgh Bd. Of Educ.*, 913 F.2d 1064, 1069-70 (3d Cir. 1990). Scale is not suggesting that evidence of willfulness is not relevant to DataCore's claim of willfulness, but that DataCore's claim of willfulness is entirely irrelevant and thus should be dismissed. *See* D.I. 250, Ex. 18, Scale's MIL #1, at 3 ("Such boilerplate does not place willful infringement or pre-suit indirect infringement at issue in this case."). This is an improper use of a motion *in limine*, and Scale's motion *in limine* #1 is **DENIED**.

3. Scale moves *in limine* to preclude DataCore's damages expert, Mr. John Elmore, from offering improper lay opinions of technical comparability and to preclude DataCore's technical expert, Dr. Peter Alexander, from offering technical comparability opinions not in his opening expert report. D.I. 250, Ex. 18, Scale's MIL #2. Mr. Elmore is a damages expert not qualified to render technical opinions. *Id.*, Ex. 4 at 50:2-10. His expert report states that "[t]he '235 Patent is comparable to the '972 Patent" and provides some technical analysis to this point. D.I. 167, Ex. 7 (Elmore Opening Report) ¶ 190. This technical analysis is improper to the extent it is based on his own opinions. *See Sci Applications Int'l Corp. v. United States*, 169 Fed. Cl. 346, 364 (2023)

("evaluat[ing] the possibility of non-infringing alternatives . . . is a role best left to a technical expert."). Mr. Elmore claims he came to this technical conclusion by having a discussion with Dr. Alexander. D.I. 250, Ex. 18, Scale's MIL #2, Ex. 4 at 14:5-15:6. "As a general matter, there is nothing wrong with such a practice in the instant context—in patent cases, damages experts routinely rely on facts and opinions provided by technical experts when rendering their damages analysis." *W.L. Gore & Assocs., Inc. v. C.R. Bard, Inc.*, 2015 WL 12731924, at *6 (D. Del. Nov. 4, 2015). However, Dr. Alexander's opening expert report does not contain opinions on the technical comparability of the '972 patent and the '235 patent. Therefore, Dr. Alexander will not be able to testify on any comparability, and Mr. Elmore would "simply be repeating what Dr. [Alexander] told [him], all of which is outside [his] expertise." *ViaTech Techs., Inc. v. Adobe, Inc.*, No. CV 20-358-RGA, 2023 WL 5975219, at *12 (D. Del. Sept. 14, 2023). Mr. Elmore's testimony on comparability "would amount to unfairly prejudicial and inadmissible hearsay." *Id.* Because DataCore failed to disclose Dr. Alexander's comparability opinions, it may not use Mr. Elmore to "get in through the back door what it cannot get in through the front door." *Id.* Dr. Alexander may not give new comparability opinions at trial, and Mr. Elmore may not give those comparability opinions on his behalf. Scale's motion *in limine* #2 is **GRANTED**.

4. Scale moves *in limine* to exclude certain exhibits that appear on DataCore's exhibit list: litigation documents, third-party documents, and documents that have not been produced to Scale. D.I. 250, Ex. 18, Scale's MIL #3. Scale's motion constitutes three (3) discrete *in limine* requests. The Scheduling Order limits the parties to three (3) motions *in limine* each. D.I. 31 at 12. Thus, "[a]ny motions *in limine* that exceed[] the limits imposed in the Scheduling Order will be denied without prejudice." *Natera, Inc. v. ArcherDX, Inc. et al.*, No. 20-125-GBW, D.I. 585 (D. Del. May 3, 2023). Scale's requests to exclude publicly available documents and allegedly unproduced

documents are thus **DENIED WITHOUT PREJUDICE**. DataCore may attempt to establish the admissibility of its exhibits at trial, and Scale may raise any objections then. With respect to Scale's request to exclude litigation documents from being entered as evidence, both parties have placed expert reports and other litigation documents on their exhibit lists. Expert reports are typically not admissible evidence, absent a specialized showing. *See N5 Techs. LLC v. Cap. One N.A.*, 56 F. Supp. 3d 755 (E.D. Va. 2014) (citing *Kirk v. Raymark Indus., Inc.*, 61 F.3d 147, 164 (3d Cir.1995)) (noting that expert reports are not within an exception to the hearsay rule). Interrogatory responses are generally admissible (as a statement of a party opponent) and should read into evidence. *See Kirk*, 61 F.3d at 166-67; Fed. R. Civ. P. 611. Pleadings are typically admissible. *Giannone v. U. S. Steel Corp.*, 238 F.2d 544, 547 (3d Cir. 1956) ("By the weight of authority even withdrawn or superseded pleadings are admissible"). Given the uncertainty of admissibility of litigation documents, Scale's request to exclude entry into evidence of all litigation documents is overbroad. Some litigation documents may be admissible as party admissions (interrogatory responses and pleadings, e.g.), while others may be inadmissible (expert reports, e.g.). A motion *in limine* should not be granted unless the evidence "is clearly inadmissible on all potential grounds." *Leonard v. Stemtech Health Scis., Inc.*, 981 F. Supp. 2d 273, 276 (D. Del. 2013). Thus, Scale's motion *in limine* #3 is **DENIED WITHOUT PREJUDICE** as to litigation documents.

Date: August 14, 2024

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE