IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DATACORE SOFTWARE CORPORATION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SCALE COMPUTING, INC., )<br>)<br>Defendant. ) | C.A. No. 22-535-GBW |

**DATACORE'S MOTIONS FOR RECONSIDERATION OF THE COURT'S GRANT OF SCALE'S MIL #2 AND DENIAL OF DATACORE'S MIL #2**

OF COUNSEL:

**MCDERMOTT WILL & EMERY LLP**

A. Shane Nichols
1180 Peachtree Street, NE, Suite 3350
Atlanta, GA 30309

William G. Gaede, III
Jodi Benassi
415 Mission Street, Suite 5600
San Francisco, CA 94105

Mandy H. Kim
18585 Jamboree Road, Suite 250
Irvine, CA 92612-2565
Tel: (949) 757-6061

Cecilia Choy
650 Live Oak Avenue, Suite 300
Menlo Park, CA 94025

Kathleen Lynch
444 West Lake Street, Suite 4000
Chicago, IL 60606

Dated: August 15, 2024

**MCDERMOTT WILL & EMERY LLP**

Ethan H. Townsend (#5813)
Ashley R. Altschuler (#3803)
The Brandywine Building
1000 N. West Street, Suite 1400
Wilmington, DE 19801
Tel: (302) 485-3911
ehtownsend@mwe.com
aaltschuler@mwe.com

*Attorneys for Plaintiff*
*DataCore Software Corporation*

On August 14, 2024, this Court granted Scale's Motion *in Limine* ("MIL") #2 and denied DataCore's MIL #2. (D.I. 259). DataCore moves under Rule 60(b) for relief from the Court's August 14, 2024 Order because the Court's rulings appear to have relied upon a mistake of material fact. Fed. Rule Civ. Proc. 60(b)(1).

**Scale's MIL No. 2 Should Be Denied**

DataCore respectfully requests that the Court reconsider its grant of Scale's motion *in limine* to preclude DataCore's damages expert, Mr. John Elmore, from offering lay opinions of technical comparability and to preclude DataCore's technical expert, Dr. Peter Alexander, from offering technical comparability opinions not disclosed in his expert reports.

The Court granted Scale's MIL No. 2 on the belief that DataCore's expert witness's report "does not contain opinions on the technical comparability of the '972 patent and the '235 patent." (D.I. 259, 5). The Court was mistaken. Dr. Alexander **did** provide opinions on the technical comparability of the '972 patent and the '235 patent – as Scale's MIL #2 acknowledges. (D.I. 250, Ex. 18, Scale MIL #2 at 2) (Dr. Alexander's "reply report states that the Crossroads technology is different from the '235 Patent-in-Suit."); *see* DataCore's Opp. to Scale's MIL #2 at 3 (referencing Alexander's report and attaching as an exhibit).

The thrust of Scale's argument is not based on Dr. Alexander's timely opinions on the technical comparison in his expert report, but rather on the inaccurate belief (at the time of the filing of the MILs) that Mr. Elmore did not confer with Dr. Alexander regarding the technical comparison. *Id*. However, as DataCore made clear in its opposition, Dr. Alexander spoke to Mr. Elmore. (D.I. 250, Ex. 18, DataCore Opp. to Scale MIL #2 at 1, 2). Indeed, Dr. Alexander signed a sworn declaration stating that he met with Mr. Elmore on November 28, 2023. (*Id.* at Ex. C.) Further, Scale has had every opportunity to explore Dr. Alexander's technical comparability opinions during his deposition – and in fact, did question Dr. Alexander on the Crossroads patents. *See, e.g.*, Alexander Dep. Tr., D.I. 198, Ex. D at 162:24-163:14.

DataCore timely disclosed Dr. Alexander's technical comparability opinions and the parties do not dispute that Dr. Alexander may testify on technical comparability consistent with his reply expert report. Scale will suffer no prejudice by the testimony Mr. Elmore and Dr. Alexander provide on comparability. On the other hand, DataCore will suffer unfair prejudice if Mr. Elmore is not permitted to testify on facts and opinions properly disclosed by Dr. Alexander in rendering his damages analysis.

Mr. Elmore's opinions of technical comparability are not based on his own opinions but through his discussions with Dr. Alexander. And it is undisputed that Dr. Alexander may testify on technical comparability consistent with his reply expert report. As this Court noted, "there is nothing wrong with such practice in the instant context – in patent cases, damages experts routinely rely on facts and opinions provided by technical experts when rendering their damages analysis." (D.I. 259, 5) (citing *W.L. Gore & Assocs., Inc. v. C.R. Bard, Inc.*, 2015 WL 12731924, at *6 (D. Del. Nov. 4, 2015)).

For the reasons above, the Court should deny Scale's MIL #2.

**DataCore's MIL #2: Scale's Written Description and Enablement Defenses Should be Precluded**

DataCore respectfully requests that the Court reconsider its denial of DataCore's motion *in limine* #2 to preclude Scale from offering untimely and highly prejudicial argument, evidence or testimony regarding the invalidity of the '235 Patent for lack of written description and enablement.  The Court seems to have relied upon a material mistake of fact that Datacore raised the claim construction issue and in doing so, did not enter findings that Defendant meets the *Pennypack* factors and Delaware law on amending and asserting untimely invalidity contentions.  *See Biodelivery Scis. Int'l, Inc. v. Chemo Rsch., S.L.*, 2020 WL 13802763, at *3 (D. Del. Feb. 20, 2020) (collecting cases where three- to five-month delays showed a lack of diligence).  As of the date of this letter, and with a trial stating on Monday, Defendant still has not served any specific contentions around their tardy enablement and written description theories.

The Court agreed with DataCore that Scale's "bare reference to § 112 in its Answer" and passing reference to Section 112 defenses in its Final Invalidity Contentions did not provide sufficient notice.  (D.I. 259, 2.)  Nonetheless, the Court then allowed Scale to proceed at trial because "the Court construed the term 'intentionally exceeds' ***at DataCore's behest***, the Court agrees that Scale should be entitled to raise § 112 defenses if the basis for those defenses did not arise until the Court's construction of the term 'intentionally exceeds.'"  (D.I. 259, 3).  Respectfully, in doing so, the Court misapprehend the facts and the law.

First, Scale, in its February 2024 MSJ #1, requested "that the Court construe the claim term 'intentionally exceeds' and find that it is indefinite," and in doing so, reflected fully its understanding of DataCore's claim construction position that had been set forth since at least March 2023.  (D.I. 164, 2, 5, 6, 13, 14, 17).  So, in fact, it was a Scale's behest that the Court construed the term as part of Scale's February summary judgment motion.

Second, under Delaware law, the obligation to seek relief and amend invalidity contentions arises when the issue is first raised during claim construction proceedings, not upon issuance of the final claim construction order.  *See Biodelivery Scis. Int'l, Inc. v. Chemo Rsch., S.L.*, 2020 WL 13802763, at *1 (D. Del. Feb. 20, 2020) (no good cause to amend when issue raised during claim construction proceedings and diligence "is measured from the date the moving party received the proposed [claim] constructions" and not from the date of the Order).

Third, in considering whether to strike or preclude untimely disclosures, this Court considers the *Pennypack* factors: "(1) the importance of the information withheld; (2) the prejudice or surprise to the party against whom the evidence is offered; (3) the likelihood of disruption of the trial; (4) the possibility of curing the prejudice; (5) the explanation for the failure to disclose; and (6) the presence of bad faith or willfulness in not disclosing the evidence." *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894 (3d. Cir. 1977).

Finally, and compounding the lack of diligence and prejudice, Scale has offered no explanation for its failure to disclose any written description or enablement theories after the Court's Order on June 21, 2024.  Almost two months later, DataCore remains in the dark even to this day as to the specific theories Scale will attempt to prove at trial.

The Court's construction of "intentionally exceeds" to mean "designed with the intent to exceed" on June 21, 2024 effectively agreed with the plain and ordinary meaning that DataCore has maintained during claim construction briefings since February 2023. DataCore has always maintained the position that "intentionally exceeds" was entitled to its plain and ordinary meaning, *i.e.*, "designed specifically to exceed." (D.I. 41, 2.) As D.I. 41 at 2 of 5 shows, Scale, by February 2023, had notice of the construction but did nothing to amend its invalidity contentions. Again, it was Scale – not DataCore – who identified this term as requiring further construction last February. (D.I. 164, 3).

Given these facts, and the plain notice, allowing Defendant to proceed at trial without even disclosing any specifics violates the *BioDelivery* decision and the *Pennypack* factors: (i) The information is hardly important to Defendant as their expert offered no opinion on the matter and Defendant did not move to amend their invalidity contentions since even the June 24 Order or earlier, as they should have; (2) Scale's improper withholding of its defense theories deprived DataCore of opportunities to challenge Scale's contentions through fact and expert discovery, including written discovery and deposition testimony. That is impossible now and DataCore is left with no recourse to rebut any contentions Scale may present at trial; (3) the trial will be disrupted if Scale is allowed to pursue these undisclosed theories; (4) there is no way to cure the prejudice now with trial just a few days away; (5) the explanation for failure to disclose lacks any merit and certainly does not explain away their waiting until even now to disclose the specifics of their enablement and written description defenses; and (6) there certainly is willfulness as Scale could have disclosed its specific theories (which remain opaque) even now, but has not done so.

Scale has only identified categorical statutory defenses – written description and enablement – and not the actual specific theories they seek to prove at trial. Scale's bare assertion disclosed for the first time during the parties' motion briefing that it "is entitled to explore whether DataCore's inventors 'possessed the full scope of the invention' does not meaningfully disclose Scale's written description and enablement defenses for a trial starting in four days. Scale cannot claim it will be prejudiced by a preclusion of written description and enablement theories it had every opportunity to timely disclose if it wanted to rely on them for its invalidity defense. For the reasons above, the Court should grant DataCore's MIL #2 to preclude Scale from offering untimely and highly prejudicial argument, evidence or testimony regarding the invalidity of the '235 Patent for lack of written description and enablement and the defenses should be stricken.

Dated: August 15, 2024                           Respectfully,

                                                 */s/ Ethan H. Townsend*

                                                 Ethan H. Townsend (#5813)

3

## RULE 7.1.1 CERTIFICATE

Pursuant to D. Del. LR 7.1.1, counsel for Plaintiff, including Delaware counsel, certifies that a reasonable effort has been made to reach agreement with counsel for Defendant on the subject matter of this motion and that the parties were unable to reach agreement.

*/s/ Ethan H. Townsend*
Ethan H. Townsend (#5813)